*J. G. Abbott & J. L. Stackpole*, for the plaintiff.
*E. R. Hoar & R. D. Smith*, for the defendant.

---

IRA BRADLEY *vs.* LORIN L. FULLER.

Suffolk. March 22, 23. — Sept. 3, 1875. AMES & DEVENS, JJ., absent.

If a person, who has a claim against a corporation which he intends to enforce by an attachment of its property, is induced, by the false and fraudulent representations of its treasurer, to refrain from making the attachment, and all the property of the corporation is subsequently attached for the debt of another person, and is sold on execution, an action of tort for such fraudulent representations will not lie against the treasurer.

---

A declaration in tort alleged that the plaintiff was the owner of an unpaid note given for a valuable consideration by a corporation; that the defendant, who was the treasurer of the corporation, conspiring with B. to defraud the plaintiff and prevent him from securing his debt by attachment and levy, issued a note of the corporation, signed by him as treasurer and payable to his own order, upon which he caused an attachment of all the property of the corporation and a transfer of it to B., who holds the same for his benefit. *Held*, on demurrer, that the declaration set forth no cause of action.

TORT for fraudulent oral representations and conspiracy. The declaration contained three counts, the substance of which appears in the opinion. The defendant demurred, on the ground that the declaration did not state a legal cause of action. The Superior Court sustained the demurrer, and ordered judgment for the defendant, and the plaintiff appealed.

*W. A. Field*, for the defendant.

*R. D. Smith*, for the plaintiff.

COLT, J. The material allegations of the first count now relied on are that the defendant orally represented to the plaintiff that a corporation, of which he was treasurer, and whose overdue note the plaintiff then held, owed no other debts and had no attachments upon its property; that this representation was fraudulently and falsely made for the purpose of inducing the plaintiff not to commence suit upon his note until the corporate property could be placed beyond the reach of attachment by the plaintiff; that all the property of the company was afterwards attached and sold on execution upon another debt; and that the plaintiff, induced by the representations not to enforce his claim by suit, lost his debt against the company.

The allegations of the third count do not differ in substance from those of the first, but state with more particularity that the plaintiff, by said representations, " was induced to forbear securing payment of his note by an attachment of said property, as he might and would have done but for said false representations." Both counts assume that the other debt on which the corporate property was taken was a valid debt of the company. The plaintiff does not rely on these counts to charge the defendant by reason of any representations concerning the character, conduct, credit, ability, trade or dealings of the corporation; for such representations must be in writing, signed by the party to be charged Gen. Sts. *c.* 105, § 4.

Under the law as laid down by this court, the facts stated in these counts do not show a legal cause of action, or that the plaintiff has suffered any legal damage. There is no attachment or attempt to attach on the part of the plaintiff alleged; it does not appear that, by reason of the alleged representations, he lost anything which he ever had. Taking these counts in the most favorable sense for the plaintiff, they simply charge that the plaintiff, induced by the falsehood alleged, refrained from carrying into effect an intention to attach; and that another creditor did attach and apply the company property in payment of his debt. It must necessarily be uncertain whether the plaintiff would have attached the property and applied it to the payment of his debt if the alleged representations had not been made. In *Lamb* v. *Stone*, 11 Pick. 527, which was an action on the case for the fraud of the defendant in purchasing the personal property of the plaintiff's debtor and aiding the debtor to abscond, in order to prevent the plaintiff from collecting his debt by attachment and arrest, it was said to be a fatal objection in the case that the injury complained of was too remote, indefinite and contingent. The plaintiff had lost no claim or interest in the property, for he had acquired none. " The most that can be said is that he intended to attach the property, and the wrongful act of the defendant has prevented him from executing this intention." And in *Wellington* v. *Small*, 3 Cush. 145, which follows the law as laid down in *Lamb* v. *Stone*, in allusion to the difficulty of proving damage occasioned by the fact that other creditors might have attached the property, or it might have been stolen or destroyed while in the debtor's possession, it was declared that " the fact that the plaintiff has suffered actual damage from the defendant's conduct is not capable of legal proof, because not within the compass of human knowledge." See also *Randall* v. *Hazelton*, 12 Allen, 412. These cases are decisive as to the first and last counts.

The second count alleges the plaintiff's ownership of the note described in the first count, and that the defendant, conspiring with one Baldwin to defraud the plaintiff and prevent him from securing his debt by attachment and levy, issued a note of the corporation, signed by him as treasurer and payable to his own order, upon which he caused an attachment of all the property of

the company, and a transfer of it to Baldwin, who holds the same for his benefit.

It would be a forced construction of these allegations to assume that the note of the corporation which was issued by the defendant was not given for a valid debt of the corporation, or that the fraud charged consisted in anything more than a conspiracy to obtain a prior attachment of the property. It is not alleged that the note was given without consideration, or that the judgment by which the property must have been transferred was obtained by fraud. It is not alleged that the company was insolvent, or that the plaintiff ever brought suit or attempted to collect his debt, or that he ever intended or attempted to make any attachment of the corporate property, or was induced by the defendant to refrain from making such attachment. The averment of conspiracy in this count does not change the nature of the action or add anything to its legal force and effect. The gist of the action is the tort committed and the damage resulting from it, and it is the same whether committed by the defendant alone or jointly with another. *Wellington* v. *Small*, above cited. *Randall* v. *Hazelton*, above cited. This count contains fewer allegations than the others, and the objections stated to them are equally fatal to this. The declaration fails to state an actionable wrong.                                          *Judgment for the defendant.*