## Jason M. Bowen *vs.* Henry H. Carter.

Suffolk. March 7. — May 25, 1878. Colt & Soule, JJ., absent.

In an action for false representations, made in November as to A.'s pecuniary ability, whereby the plaintiff was induced to deliver goods to A. and give him credit, it appeared that the plaintiff made a contract with A. in July to manufacture goods to be delivered in November and to extend him credit, which A. before the time of delivery refused to carry out. *Held,* that the action could be maintained; and that it was immaterial that the goods were delivered under the original contract, if the plaintiff was induced by such representations not to rescind it when he could properly have done so.

A declaration in an action of tort alleged that the defendant, in order to induce the plaintiff to sell and deliver goods to A. on credit, falsely represented to the plaintiff in writing, that he knew very little of A.'s business, that he had no reason to doubt A.'s responsibility, and that rent and other payments due him from A. had been made promptly by A., whereby the plaintiff was induced to deliver goods to A. and give him credit. *Held,* on demurrer, that it could not be said, as matter of law, that the representations were such as to merely put the plaintiff on inquiry before delivering the goods.

Tort. Writ dated June 12, 1876. The second count of the declaration, as amended, was as follows :

" And the plaintiff says that on or about the first day of July, 1875, he took an order from one Osborne N. Sargent of Boston, for certain goods as set out in the bill of particulars hereunto annexed, to be manufactured by the plaintiff in accordance with certain samples, then and there exhibited to said Sargent by the plaintiff, and to be delivered by the plaintiff to said Sargent in said Boston, in the course of November, 1875, on a credit of thirty days from the delivery thereof. That in November, 1875, the plaintiff, having manufactured said goods, was ready to deliver the same to said Sargent, when said Sargent informed him by letter that he did not want said goods, and instructed him not to deliver them. That thereupon the plaintiff, being unable to account for this conduct on the part of said Sargent, and being anxious to know if said conduct proceeded from any inability on the part of said Sargent to meet his payments, and not knowing whether to rescind his contract with said Sargent or not, inquired of the defendant for some explanation of said conduct and respecting the character and circumstances of said Sargent ; and the defendant, in order to induce the plaintiff to sell and deliver said goods to said Sargent on credit, falsely rep-

resented to the plaintiff in writing, that he knew very little of said Sargent's business, that he had no reason to doubt said Sargent's responsibility, that his rent and other payments due to him, said defendant, by said Sargent, had been made promptly by said Sargent, and that he did not fully comprehend said letter from said Sargent to the plaintiff; and thereupon the plaintiff, believing said representations to be true, was induced to sell and deliver, and did sell and deliver, said goods to said Sargent, and was induced to give and gave the said Sargent credit for the price of said goods for thirty days from delivery thereof; but when the defendant made the representations aforesaid, he was fully and thoroughly acquainted with said Sargent's business, and had reason to doubt said Sargent's responsibility; his rent and other payments due to the defendant had not been promptly paid by said Sargent, and said defendant did fully comprehend said letter from said Sargent to the plaintiff, and said Sargent was then insolvent, and not fit to be trusted with goods on credit, all whereof the defendant then knew.

"And the plaintiff further says that he has not been paid for said goods, nor for any part thereof, and is unable to obtain payment therefor, and he is likely to lose the same, wherefore the plaintiff says he is damaged to the amount of the price of said goods as set forth, and the interest thereon, and therefore he brings his suit."

The third count of the declaration, as amended, was as follows: "And the plaintiff says, that on or about the first day of July, 1875, the defendant, fraudulently intending to deceive and injure the plaintiff, and to get the plaintiff's goods into his own possession and to enjoy the same, requested the plaintiff to manufacture for, and sell and deliver to, one Osborne N. Sargent, on credit, certain goods as specified in the account hereto annexed, and the defendant then, though knowing that the said Sargent was in bad and insolvent circumstances, and unfit to be trusted with goods on credit, but fraudulently intending as aforesaid, falsely and fraudulently represented to the plaintiff that the said Sargent was a good man in good circumstances, and fit to be trusted with goods on credit.

"And the plaintiff says. that in consequence of the representations so made by the defendant, he, believing the said Sargent

to be in good circumstances and fit to be trusted as aforesaid, contracted with said Sargent to manufacture for, and sell and deliver to him, on a credit of thirty days from delivery, goods in accordance with the samples then and there by the plaintiff to him exhibited and as set forth in the account hereto annexed, to be delivered in the following November.

"And the plaintiff further says that thereafter, and before said goods were sold and delivered to said Sargent, and about the end of the month of October following, said Sargent wrote to him telling him that he did not want said goods, and instructed him not to deliver them, and the plaintiff, being unable to account for this conduct on the part of said Sargent, and being anxious to know if said conduct proceeded from any inability on the part of said Sargent to pay for said goods, and not knowing whether or not to rescind his contract with said Sargent, inquired of the defendant for some explanation of said conduct, and respecting the character and financial circumstances of said Sargent, and the defendant, fraudulently intending as aforesaid, falsely and fraudulently represented to the plaintiff in writing that he knew very little of said Sargent's business, that he had no reason to doubt said Sargent's responsibility, that his rent and other payments due to him, said defendant, by said Sargent, had been paid promptly by said Sargent, and that he, said defendant, did not fully comprehend said letter from said Sargent to the plaintiff; and thereupon the plaintiff, believing said representations to be true, was induced to sell and deliver, and did sell and deliver, said goods to said Sargent, and was induced to give and gave the said Sargent credit for the price of said goods for thirty days from said delivery; but when the defendant made the representations aforesaid, he was fully and thoroughly acquainted with said Sargent's business, and had reason to doubt said Sargent's responsibility, his rents and other payments due to the said defendant had not been paid promptly by said Sargent, and said defendant did fully comprehend said letter from said Sargent to the plaintiff, and said Sargent was then insolvent and not fit to be trusted with goods, all whereof the defendant then knew, but in representing as aforesaid, the defendant fraudulently intended as aforesaid.

" And the plaintiff says that on or about the sixteenth day of November, 1874, said Sargent had mortgaged to the defendant all the goods and merchandise. then in his possession, and also any other goods which, from time to time during the existence of such mortgage, should be purchased by said Sargent and put in, to replace any part of the stock then in his possession so mortgaged, which might be disposed of, and had agreed that if said goods were diminished faster than the amount secured by said mortgage was paid, that he would furnish further security whenever requested, said mortgage running for a period of four years from its date; and the defendant, well knowing the existence of said mortgage and its provision at the time aforesaid, fraudulently intending as aforesaid, falsely said and represented to the plaintiff as aforesaid.

" And the plaintiff further says that thereafter and immediately upon the delivery of said goods in Boston to said Sargent, the defendant, fraudulently intending as aforesaid, procured said Sargent to mortgage to him, on the twenty-fourth day of November, 1875, certain stock acquired after the execution of the mortgage heretofore mentioned, and including the goods so sold and delivered to said Sargent by the plaintiff; and thereafter, on or about the first day of December, 1875, the defendant, fraudulently intending as aforesaid, foreclosed his said mortgages, and took possession of the goods so mortgaged, including the goods so sold and delivered by the plaintiff.

" And the plaintiff further says that he has not been paid the price of said goods, and by reason of the aforesaid false and fraudulent representations of the defendant, he has been damaged to the amount of $245.47, said sum being the value of the goods aforesaid, and is also entitled to interest on the same."

The defendant demurred to these counts, and assigned several grounds of demurrer, of which two were urged in argument, and are stated in the opinion.

In the Superior Court the demurrer was sustained, and judgment ordered for the defendant; and the plaintiff appealed to this court.

*C. K. Fay*, for the defendant, in support of the second ground relied on, cited 2 Kent Com. 485; *Attwood* v. *Small*, 6 Cl. & Fin. 232; 2 Chit. Pl. (16th Am. ed.) 519.

*W. S. Macfarlane*, for the plaintiff.

ENDICOTT, J. The first ground of demurrer, relied on in argument, is that it appears from the second amended count that the plaintiff made the contract with Sargent, and agreed to give him credit in July, but the representations of the defendant, as to Sargent's credit, were not made until November. It is alleged in substance that in July the plaintiff contracted with Sargent to manufacture certain goods and deliver them in November on a credit of thirty days. Before the time of delivery arrived, Sargent informed the plaintiff that he did not want the goods, and requested him not to deliver them. The plaintiff, being uncertain whether the refusal of Sargent arose from his inability to pay for the goods, made inquiries of the defendant respecting the character, conduct and circumstances, of Sargent; the defendant replied in writing stating, among other things, that he had no reason to doubt Sargent's responsibility, and that the rents and other payments due him from Sargent had been paid promptly; all these representations are alleged to be false and fraudulent, but the plaintiff believing them to be true was induced to deliver the goods to Sargent, and to give him the credit of thirty days after delivery. The plaintiff was under no obligation at that time to deliver the goods under his contract made in July, but could have taken advantage of Sargent's refusal to receive them, and rescinded his contract. But, if he was induced not to do so by the false and fraudulent representation of the defendant as to the credit and responsibility of Sargent, we see no reason why he should not maintain this action. It is immaterial that the plaintiff delivered the goods under the original contract, if he was induced by the false representations not to rescind it when he could have done so properly.

The second ground on which the defendant relies is, that the representations made in November were not such that the defendant can be charged by reason thereof, but were such as to put the plaintiff to further inquiry before delivering the goods. It is possible that upon a full disclosure of all the evidence, there may be a question of fact for the jury whether the plaintiff should have made further inquiry, but of that we can know nothing here. It is sufficient to say that the declaration charges that certain representations of fact were made by the defendant,

which are alleged to be false and fraudulent, and we cannot declare as matter of law that the plaintiff should have made ft ther inquiry. *Demurrer overruled.*