E. J. KLOUS & COMPANY *vs.* JOHN B. HENNESSEY *et al.*

A., being a creditor of B., brought trespass on the case against C. and others, charging them with conspiring to prevent A. from obtaining payment out of the estate of B. and with receiving from B. fictitious mortgages, by means of which they took B.'s personalty and secreted it so that A. could not attach it and thus lost his claim.

It appearing that A. had no lien on B.'s estate by attachment, levy, or otherwise, and was only a creditor at large of B.:

*Held*, that the action could not be maintained.

PLAINTIFFS' petition for a new trial. The facts involved are stated in the opinion of the court.

*Perce & Hallett*, for the petitioning plaintiffs.

I. Fraud, accompanied by damage, is a cause of action, and the proper remedy is an action on the case. The earliest case in this country relating to civil actions for conspiracy is *Yates* v. *Joyce* (1814), 11 Johns. Rep. 136. The case of *Penrod* v. *Mitchell*, 8 Serg. & R. 522, is an authority exactly in point. It has never been overruled, but was confirmed in *Mott* v. *Danforth*, 6 Watts, 304, 308, and was cited with approval in *Adler et al.* v. *Fenton et al.* 24 How. U. S. 407, 412. See also *Kelsey* v. *Murphy*, 26 Pa. St. 78, 83; *Mott* v. *Danforth*, 6 Watts, 304; *Moore* v. *Tracy*, 7 Wend. 229; and *Penrod* v. *Morrison*, 2 Pa. St. 126; which case, however, was questioned in *Wellington* v. *Small*, 3 Cush. 145, 148. This right of action has never been denied, except in States where other sufficient remedies were provided by statute.

The statute of Elizabeth provided an ample remedy in its penal sections, defining the liability, and giving a *qui tam* action. This feature has been preserved in the statutes of Connecticut, Vermont, and other States, and would afford a reasonable and sufficient remedy to one injured. But in Rhode Island none of these statutory remedies exist; and unless Gen. Stat. R. I. cap. 195, § 8, is held to be an equivalent of the special Connecticut statute, we are wholly without a statutory remedy, and the common law must therefore afford a remedy.

We have no penal clause in our reënactment of the statute of Elizabeth. Gen. Stat. R. I. cap. 162, § 1.

We have no remedy by trustee process under the statutes of this State as construed by this court.

*a.* Because no person can be charged as trustee, unless the principal debtor have a cause of action against him. *Carpenter* v. *Gay*, 12 R. I. 306. But a fraudulent grantor or vendor has no right of action against his fraudulent grantee or vendee; as between the parties to the fraudulent conveyance, it is absolutely valid. Bump on Fraudulent Conveyances, cap. 16.

*b.* Because in the case of *Falk* v. *Flint*, 12 R. I. 14, affirmed in the case of *Hamill* v. *Champlin*, 12 R. I. 124, it was held that the plaintiff, in a case of garnishment, cannot compel the gar-

nishee to answer interrogatories, but the trustee not answering in such an event is simply liable to punishment for contempt of court. This gives the plaintiff no advantage, and the trustee who is base enough to enter into a scheme of fraud, and to receive a fraudulent deed to himself, need only deny in general terms his liability as garnishee, and refuse or neglect to submit to examination by the plaintiff, and can hold his plunder against this process.

*c.* Because it was decided in case of *Sweet* v. *Read*, 12 R. I. 121, that the garnishee's liability is fixed by the disclosure which he makes. It matters not that the garnishee's affidavit is false. No amount of extrinsic evidence of fraud, however gross, will be received to deny or modify said affidavit. If the trustee says he has no funds, the plaintiff can recover nothing.

II. The remedy by attachment is in this State equally delusive.

*a.* Because after the fraudulent conveyance there remained no estate in the grantor which could be attached. *Rappleye* v. *International Bank*, 93 Ill. 396. As between the parties to the conveyance, it is absolutely good and indefeasible. In this State the statute, Gen. Stat. R. I. cap. 196, § 12, authorizes the attachment only of the defendant's right, title, and interest in and to the real estate. But if he has no estate in lands fraudulently conveyed by him, such attachment is inoperative. The execution sale by our statute, Gen. Stat. R. I. cap. 212, § 14, simply passes to the purchaser the right, title, and interest which the debtor had therein at the time of the attachment. The purchaser has the same but no larger interest than the debtor had. *De Wolf* v. *Murphy*, 11 R. I. 630. In the case of *Campbell* v. *Point Street Iron Works*, 12 R. I. 452, the title of a person whose estate was in the adverse possession of another, and who consequently could not himself convey said estate, was held not to be attachable or subject to execution. The case at bar is perfectly analogous.

*b.* The law is well established that however fraudulent the conveyance may be, the title is absolutely good and indefeasible in the hands of an innocent third person, purchasing the same from the fraudulent grantee. The files of this court show sworn statements by the defendant Hennessey, that said real estate mortgages are all assigned and transferred to an innocent third

person for value; and if such be the fact, they are valid against these plaintiffs and other creditors of Kenney.

*c.* It is also well settled, that however fraudulent the conveyance may be between the grantor and grantee, the, property so conveyed is liable to be seized and sold on execution against such grantee, and that the execution sale will divest the creditors of the fraudulent grantor of all rights relating to it; and even the levy of such execution has been held to have such effect.. *Gibbs* v. *Chase,* 10 Mass. 125; *Parker* v. *Freeman,* 3 Central Law Journal, 510.

Thus it appears that unless this action lies, the laws of Rhode Island afford no remedy for damages resulting from conspiracies like the one herein described.

*Miner & Roelker* and *John M. Brennan,* for the defendants, *contra.*

*June* 14, 1881. DURFEE, C. J. This is an action on the case for conspiracy. The declaration charges in effect that the defendants and one Patrick Kenney, said Kenney being then a debtor of the plaintiffs, conspired together to prevent the plaintiffs and the other creditors of said Kenney from getting payment of their claims out of his property, and that, in pursuance of the conspiracy, Kenney made fictitious mortgages of his real and personal property to the defendants, under cover of which the defendants removed the personal property out of the possession of Kenney, and secreted it so that the plaintiffs were prevented from attaching it, and thus lost their claims. At the trial, after the plaintiffs had introduced their testimony in proof of the declaration, the court, on motion of the defendants, it having appeared that the plaintiffs were merely creditors at large of Kenney, without any interest in his property or lien upon it by attachment, levy, or otherwise, ruled that the action, in respect of the charges aforesaid, was not maintainable. The plaintiffs excepted to the ruling for error, and now petition for a new trial.

There is some conflict of authority on the question thus raised, but the more numerous and, we think, the better-reasoned and stronger cases are against the action. The principal ground of decision in these cases is that the damage, which is the gist of the action, is too remote, uncertain, and contingent, inasmuch as the

creditor has, not an assured right, but simply a *chance* of securing his claim by attachment or levy, which he may or may not succeed in improving. It is impossible to find any measure of damages for the loss of such a mere chance or possibility. Another ground, added in some of the cases, is that no action would lie in favor of such a creditor against the debtor for putting his property beyond the reach of legal process, if the debtor were to do it by himself alone, and that what would not be actionable if done by himself alone cannot be actionable any the more when done by him with the assistance of others. The first of these grounds, which is the fundamental one and has been chiefly relied on, has been so exhaustively analyzed and discussed in the cases that it is impossible for us to add anything to the reasons adduced in support of it; and therefore, without reproducing them, we deem it sufficient simply to cite the cases themselves, all of which are accessible and can be readily consulted. *Lamb* v. *Stone*, 11 Pick. 527; *Wellington* v. *Small*, 3 Cush. 145; *Moody* v. *Burton*, 27 Me. 427, 431; *Adler* v. *Fenton*, 24 How. U. S. 407; *Austin* v. *Barrows*, 41 Conn. 287, 296; *Kimball* v. *Harman & Burch*, 34 Md. 407, 410; *Bradley* v. *Fuller*, 118 Mass. 239. See also Bump on Fraudulent Conveyances, 505, 506; Cooley on Torts, 124, 586.

<div align="right">

*Petition dismissed.*