## DEAN DUDLEY vs. RICHARD F. BRIGGS.

Suffolk. March 9, 10. — May 8, 1886. W. ALLEN & HOLMES, JJ., absent.

A declaration alleged that the plaintiff had been for many years a compiler and publisher of directories of cities, towns, and counties in this Commonwealth; that, after great labor and expense, he had acquired a large number of subscribers throughout the cities and towns of the Commonwealth for a certain directory, which he had compiled and published biennially for many years; that, at great labor and expense, he had acquired a large and valuable list of advertisers in said directory, from whom, as well as from said subscribers, he obtained a large income; that he would have compiled and published said directory in the year 1885, and had made his preparations therefor, but that the defendant and his servants and agents, in order to injure the plaintiff, and to deprive him of the opportunity of compiling and publishing said directory for the year 1885, and afterwards, and receiving the profits therefrom, and to secure the same to the defendant, knowingly and wilfully, falsely and fraudulently pretended and represented to many persons, and particularly to the plaintiff's said advertisers and subscribers, that the plaintiff had gone out of the business of compiling and publishing said directory, that the plaintiff had sold out said business to the defendant, that the defendant's servants and agents were compiling the materials for the plaintiff's directory, the same as formerly, and thereby deceitfully and wrongfully induced the plaintiff's said advertisers and subscribers to give to the defendant their advertisements and subscriptions, and to pay him instead of the plaintiff therefor; that said representations were wholly false and untrue; that the defendant wrongfully and deceitfully compiled and published said directory for the year 1885, and sold the same to the plaintiff's said advertisers and subscribers and to other persons; that the plaintiff had thereby been prevented from compiling, publishing, and selling said directory in the year 1885; that he had lost great gains and profits which he would otherwise have made, and had been put to great loss and expense in preparing for said compilation and publication until he learned of the defendant's acts, and would be hereafter prevented from compiling and publishing said directory except at an increased expense and with diminished profits. *Held*, on demurrer, that the declaration did not state a legal cause of action.

TORT. Writ dated September 18, 1885. The declaration was as follows:

"And the plaintiff says that he is, and has been for many years, a compiler and publisher of directories of cities, towns, and counties in this Commonwealth and elsewhere; that by care, attention, skill, and faithfulness, and after great labor and expense, he had acquired a large number of subscribers among business men and other people, throughout the cities and towns of Bristol county, and elsewhere in this Commonwealth, for

' The Bristol County Directory,' which the plaintiff has compiled and published biennially for many years, and until the acts and doings of the defendant hereinafter complained of; that, at great labor and expense, he had acquired a large and valuable list of advertisers in his said directory, from whom, as well as from the said subscribers to said directory, he obtained a large income, and would have continued to do so, but for the acts and doings of the defendant hereinafter alleged and set forth.

" And the plaintiff says that, according to his usual and ordinary custom in the compilation and publication of the said ' The Bristol County Directory,' he would have compiled and published the same in this year, A. D. 1885, and he made his preparations therefor, but he says that the defendant and his canvassers, and other servants and agents, in order to injure the plaintiff, and to deprive him of the opportunity of compiling and publishing said directory for said year of 1885, and thereafterwards, and receiving the gains and profits therefrom, and to secure the same to the defendant, together with all the gains and profits arising therefrom, and otherwise to injure the plaintiff and get gain, profit, and advantage to the defendant, knowingly and wilfully, falsely and fraudulently, pretended and represented to many persons, and particularly to the plaintiff's patrons, the advertisers in said directory and the subscribers thereto throughout said Bristol county, that the plaintiff had gone out of the business of compiling and publishing said directory, that the plaintiff had sold out said business to the defendant, that the said canvassers and the defendant's other servants and agents were compiling the materials for the plaintiff's directory, the same as formerly, and other false and fraudulent representations then and there made, of which the plaintiff is not yet fully informed, and thereby deceitfully and wrongfully induced the plaintiff's said patrons, advertisers, and subscribers, in and throughout said Bristol county, to give to the defendant their advertisements and subscriptions, and to pay him instead of the plaintiff therefor.

" Whereas, in truth and in fact, the said representations were wholly false and untrue; the plaintiff had neither gone out of the business of compiling and publishing the said directory, as he had done for years before, nor had he sold out to the

defendant, nor had he any intention of doing so; nor were the defendant and his canvassers, and other agents and servants, compiling the said directory the same as formerly or for the plaintiff; all of which the defendant, as well as his said canvassers and other servants and agents, well knew. And the defendant did knowingly, wrongfully, injuriously, and deceitfully compile and publish the said 'The Bristol County Directory,' for the year A. D. 1885, and vend and sell the same to the plaintiff's patrons, advertisers, subscribers, and other persons, as aforesaid. And the plaintiff says that thereby he has been prevented from compiling, publishing, and selling his said directory this year, A. D. 1885, as he has always done heretofore; that he has lost the great gains and profits which he would otherwise have made and received from the sale thereof, and from advertisers in and subscribers to said directory, and has been put to great loss and expense in preparing for said compilation and publication, till he learned of the defendant's said acts and doings, and thereby he will be hereafter prevented from compiling and publishing said directory except at an increased expense and with diminished profits."

The defendant demurred to the declaration, on the ground that it did not set forth a legal cause of action.

The Superior Court sustained the demurrer; and ordered judgment for the defendant. The plaintiff appealed to this court.

*J. C. Coombs & N. U. Walker*, for the defendant.

*S. H. Dudley*, for the plaintiff.

FIELD, J. The plaintiff in his declaration does not allege that, by the acts of the defendant, he has been deprived of the benefit of any contract he had made, or of any property in existence and in his possession, or that the defendant published his directory for 1885 as a directory prepared and published by the plaintiff; and does not bring his case within such decisions as *Lumley* v. *Gye*, 2 El. & Bl. 216, *Marsh* v. *Billings*, 7 Cush. 322, *Thomson* v. *Winchester*, 19 Pick. 214, *Blofeld* v. *Payne*, 4 B. & Ad. 410, *Morison* v. *Salmon*, 2 M. & G. 385, and *Sykes* v. *Sykes*, 3 B. & C. 541.

He does not allege that he had any copyright in the previous publications which the publication of the defendant infringed; and the courts of the Commonwealth have no jurisdiction over

infringements of copyright. If each publication of a directory by the plaintiff every two years was a separate publication, then the plaintiff's declaration amounts to this, — that he intended to publish a directory for 1885, whereby he expected to make profits, but, by reason of the acts of the defendant, he abandoned such an intention, and lost the profits he otherwise would have made. But an intention in the mind of the plaintiff to compile and publish a directory is not property, and the abandonment of such an intention is not a loss of property. *Bradley* v. *Fuller*, 118 Mass. 239.

An attempt has been made to bring this case within what is called slander of goods, manufactured and sold by another. See *Western Counties Manure Co.* v. *Lawes Chemical Manure Co.* L. R. 9 Ex. 218. This implies that the plaintiff was engaged in the business of making and selling directories, and that the defendant made statements disparaging the plaintiff's business. We think that the declaration does not show that the business of the plaintiff, in publishing a new directory every two years, was a continuous business. The directory to be published in 1885 was to be a new compilation and publication. From the nature of the book, perhaps this could not well be otherwise. New subscribers and new advertisements were to be obtained. We have been shown no case where it has been held that a false statement, that the plaintiff had gone out of business, or sold out his business to the defendant, was an actionable slander of a person in his trade; but upon this we express no opinion. It may be said that such statements tend to injure a man in his business, because they tend to prevent customers from resorting to him for trade, and to injure the value of the good will of his business. However this may be, the difficulty is in attaching good will as a valuable thing to the publication every two years of a new directory. Such a directory could be published by anybody. It is perhaps a question of degree whether the publication by the plaintiff had been so frequent and regular that there can be said to be a good will that would be protected in law. There is no allegation of any continuing contract, express or implied, of subscribing for, or advertising in, the directories, as a publication periodically issued; there is no allegation of any place of business to which customers resorted to purchase directories.

Until the plaintiff had entered upon the compilation of the directory for 1885, we do not think that there was any business of publishing a directory for 1885 carried on by the plaintiff, or anything that, for example, could have been sold as a going concern by an assignee in insolvency, if the plaintiff had become an insolvent debtor. The cases upon liability for wrongful interference with the business of another are largely collected in *Walker* v. *Cronin*, 107 Mass. 555; but in that case there was an actual business, with the carrying on of which the defendant wrongfully interfered. The declaration in this case, indeed, alleges that the plaintiff made his preparations for compiling and publishing a directory for 1885, but it does not allege what those preparations were, or that they were anything valuable. The averment that he " has been put to great loss and expense in preparing for said compilation and publication," near the end of the declaration, appears to be a part of the damages.

The plaintiff cites *Swan* v. *Tappan*, 5 Cush. 104; but there the declaration was held insufficient, because there was no allegation of special damage. The declaration in the present case cannot well be distinguished in this respect from the declaration in *Swan* v. *Tappan*, but we do not deem it necessary to reconsider the decision in that case on this point. There, the plaintiff was actually engaged in selling his book, which had already been printed and put upon the market, and the action was the ordinary action for the malicious disparagement of the goods of another, manufactured and kept for sale.

The plaintiff relies upon *Benton* v. *Pratt*, 2 Wend. 385, which perhaps may be considered as an extreme case. See *Randall* v. *Hazelton*, 12 Allen, 412, 417. In *Benton* v. *Pratt*, Seagraves and Wilson, at Allentown, had orally agreed to purchase of the plaintiff two hundred hogs, at the market price, if delivered within three or four weeks, and they had not been previously supplied; and, " about the time for the delivery," the plaintiff was proceeding with his drove of hogs to Allentown for the purpose of delivering to them two hundred hogs. The defendant, by his falsehood and deceit, intentionally prevented the performance of this contract, by persuading Seagraves and Wilson that the plaintiff was not intending to drive his hogs to Allentown, whereby they were induced to buy the hogs of the defendant, instead of

buying the hogs of the plaintiff, as they otherwise would have done. The court say, that it was "not material whether the contract of the plaintiff with Seagraves and Wilson was binding upon them or not;" but the agreement, if there was an agreement, although not in writing, was an actual offer by Seagraves and Wilson, not revoked, and which they would have performed, and the plaintiff was in the actual possession of the property which Seagraves and Wilson had offered to buy, and was actually proceeding to deliver this property to them, in accordance with their offer.

The fatal objection to the present case is, that it is entirely problematical whether the plaintiff would actually have published a directory if the defendant had not made the fraudulent misrepresentations alleged. The plaintiff abandoned his intention to compile and publish a directory in consequence of the defendant's acts; but this, upon the principles stated in *Bradley* v. *Fuller, ubi supra*, and the cases therein cited, is not sufficient to support an action.                         *Judgment affirmed.*