## EVANS v. BURSON.

No. 8064—Opinion Filed Jan. 23, 1917.

Rehearing Denied May 1, 1917.

(164 Pac. 471.)

**Fraud—Right of Action—Forbearing Collection of Debt.**

A general creditor may not maintain an action against a third party for fraudulently inducing such creditor to forbear legal action to collect his debt.

(Syllabus by Burford, C.)

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by W. I. Burson against J. L. Evans. Judgment for plaintiff, and defendant appeals. Reversed.

Bridges & Vertrees, for plaintiff in error.

J. H Harper, for defendant in error.

Opinion by BURFORD, C. Plaintiff. Burson, sued Evans to recover damages for fraudulent misrepresentations. The testimony on behalf of plaintiff tended to show that Evans was clerk of a public sale at which a horse belonging to Burson was sold at auction to one Smith. As Smith was leaving the grounds with the horse Burson caused inquiry to be made of Evans as to whether or not settlement had been made for the horse. Evans replied that it was all right; that Smith would settle. Later he represented that he would include the debt in a mortgage to the bank of whom he was officer, and thus secure Burson for the purchase price. Still later he represented to Burson that the price of the horse had been included in such mortgage, but it afterward developed that the mortgage did not secure the price of such horse. Meanwhile Smith sold the horse. Many of these facts were denied by the defendant, but for the purpose of this decision we assume them all to be true. It was alleged by the plaintiff that he believed the representations of Evans and was induced thereby to forbear any action to collect his debt, and that Smith was now insolvent. There was no proof of any intention on the part of Burson to sue or attach had no representation been made by Evans and no proof of Smith's insolvency, except what might be drawn from testimony that he had not paid Burson, and had not paid certain debts due other parties. Inasmuch, however, as no question of failure of proof in this particular regard is raised in the briefs, we treat it as waived. Defendant demurred to the evidence, and moved for an instructed verdict, and, being denied, duly excepted. The court submitted the cause to the jury upon the theory set out in the following instruction,

to which defendant duly reserved exceptions:

"You are instructed, gentlemen of the jury, that if you find by a preponderance of the evidence that the defendant, Evans, falsely stated and represented to the plaintiff, Burson, after the sale of the horse in question, that he had included the indebtedness of the said Smith to Burson in a mortgage that he had taken from said Smith, or that the bank had taken from said Smith, and you further find that the plaintiff, Burson, believed said statement, relied and acted upon same, and that by virtue of relying on the same was deprived of the right and thereby prevented from proceeding against the said Smith, and recovering his property or the value thereof, then you are instructed that you should return a verdict for the plaintiff for the sum sued for."

It will be noted that this instruction eliminates any question as to Smith being induced to part with his property in the first instance by reason of any fraudulent misrepresentations by Evans, and, indeed, such is not alleged. It will be further noted that the court assumed that the damage resulting, if any, was the amount sued for, to wit, the sale price of the horse. The result of such action, however, we are not required to consider.

Judgment being rendered for plaintiff for the full amount claimed, defendant brings the cause here for review.

The controlling question in the case is whether or not an action by a general creditor will lie against a third person for fraudulent misrepresentations inducing the plaintiff to refrain from legal action to collect his debt. With the exception of Pennsylvania, where the rule is otherwise, and a few decisions based upon peculiar states of fact, the courts with practical unanimity deny the right to maintain such an action. The reasons therefor are placed upon two grounds: First, that a general creditor has no such interest in any property of his debtor that will permit him to complain of a fraudulent disposition of such property or of a fraudulent inducement to the plaintiff, the result of which is to permit a disposition of debtor's property which places it beyond the creditor's reach. This is the doctrine of the Supreme Court of the United States, at least in so far as fraudulent aid to the debtor in disposing of the property is concerned. Adler et al. v. Fenton, 24 How. 407, 16 L. Ed. 696. But the right of a judgment creditor against a municipality to recover damages against third persons for fraudulently preventing the collection of a tax to pay his judgment has been sustained. Findlay v. McAllister, 113 U. S. 104, 5 Sup. Ct. 401, 28 L. Ed. 930.

The second reason given is that the damages sought to be recovered are too remote and contingent to admit of a judgment at law therefor. Thus in Wellington v. Small, 3 Cush. (Mass.) 145-149, 50 Am. Dec. 719, it was said:

"The uncertainty of the plaintiff's damage seems, of itself alone, to be a sufficient reason for his not recovering. In an action on the case ex delicto, the plaintiff must show injury and damage; and these must be shown as facts, by legal proofs, except in a few cases, where, by the rule of law, damage is presumed from the act complained of. * * * How could this plaintiff prove that he suffered any damage from the acts of the defendant, which are averred in the declaration? How could he prove that he would have secured his debt by attaching the property of his debtor, if the defendant had not intermeddled with it? Other creditors might have attached it before him, or it might have been stolen or destroyed while in the debtor's possession. The fact that the plaintiff has suffered actual damage from the defendant's conduct is not capable of legal proof, because it is not within the compass of human knowledge, and therefore cannot be shown by human testimony. It depends on numberless unknown contingencies, and can be nothing more than a matter of conjecture."

And, we might add, what if the debtor resorted to the all too frequent practice of claiming as exempt the property sold him, and which was sought to be attached or levied upon in execution?

It would be of little value to go farther into the authorities upon the general subject. They are collected and reviewed at great length in the note to Field v. Siegel, 99 Wis. 605, 75 N. W. 397, as reported in 47 L. R. A. 433. In our own court but two decisions touch upon the subject. In Johnston Fife Hat Co. v. National Bank of Guthrie, 4 Okla. 17, 44 Pac. 192, the president of the defendant bank had fraudulently conspired with certain merchants as a result of which they bought goods of plaintiffs. These goods and others were sold by the bank upon a fictitious mortgage, and the proceeds divided between the bank and the merchants, leaving no assets to pay plaintiffs' claim. A right of action against the bank retaining the proceeds of the fraudulent sale was sustained. But there the action was in conversion, and was upheld upon the theory that by reason of fraud title to the goods did not pass from plaintiffs, and that the bank, having sold the goods which in reality belonged to the plaintiffs, was guilty of a conversion thereof. The doctrine of the case is fully supported by the decision of the Supreme Court of the United States in Lincoln v. Chaflin, 7 Wall. 132, 19

L. Ed. 106. See, also, Work Bros. v. McCoy, 87 Iowa, 217, 54 N. W. 140, to the same effect.

In Security State Bank of Enid et al. v. Reger, Adm'r, 51 Okla. 397, 151 Pac. 1170, it was alleged that the bank had conspired with a debtor to place a fraudulent mortgage upon his property, sell the same thereunder, divide the proceeds, and thereby deprive plaintiff of opportunity to collect his debt. Recovery was sought, not as for a conversion or upon the ground that plaintiff had fraudulently been induced to part with his property, but upon the ground that plaintiff had thereby been prevented from levying an attachment and collecting his debt. Recovery was denied, this court saying:

"A general creditor cannot maintain an action against a third party who fraudulently conspires with a debtor to accept a mortgage on the debtor's personal property and foreclose the same in order to hinder and delay such creditor in the collection of his debt; such damage being too remote, indefinite, and contingent to be the basis of an action."

This decision is sustained by many authorities, some of which are cited therein, and is but a reiteration of the result reached by the Supreme Court of the United States in Adler v. Fenton, supra. Upon principle it is controlling here. A distinction is sought to be drawn in that in the Reger Case the fraudulent acts were wholly between the defendant and the debtor, while here the fraudulent misrepresentation was directed immediately to the creditor plaintiff. We see no difference in the result to be drawn or distinction upon which a right of recovery should be denied in the one case and affirmed in the other. Upon exactly similar states of fact, to wit, where the creditor was induced to withhold legal action by fraudulent misrepresentations made directly to such creditor, recovery was denied in Bradley v. Fuller, 118 Mass. 239, Austin v. Barrows, 41 Conn. 287-296, and Graham v. Peale, Peacock & Kerr, 173 Fed. 9, 97 C. C. A. 311. Some expressions in N. Y. L. I. Co. v. Chapman, 118 N. Y. 288, 23 N. E. 187, and Bowen v. Carter, 124 Mass. 426, appear to be somewhat opposed to the views here expressed. These cases, however, are not closely in point upon the facts, and, considering the fact that in each state there are decisions upon similar states of fact in consonance with the general doctrine here adopted (see note 47 L. R. A. 433, supra), and especially in view of the decision of this court in Security State Bank v. Reger, supra, such decisions cannot be regarded as controlling.

It is to be regretted that a right of action in cases such as the present cannot be sustained, but, such right not being given by statute, nor in the ordinary course of the common law, it seems that it must lie with the Legislature to create the right of action and prescribe the measure of damages.

For the reasons given, the cause should be reversed and remanded.

By the Court: It is so ordered.