ERNEST O. FREDERICS, Respondent, *v.* CHARLES NESSLER, Appellant.

First Department, May 5, 1919.

Libel — pleading — sufficiency of complaint — libelous article claimed to reflect on plaintiff's conduct of his business — failure to allege that plaintiff was engaged in said business at time of publication — demurrer.

A complaint in an action to recover damages for the publication by the defendant of certain libelous articles claimed to have reflected upon the plaintiff's conduct of his business as a hairdresser containing no allegation that the plaintiff at the time of the publication was engaged in such business, examined and *held*, that a demurrer thereto should be sustained.

APPEAL by the defendant, Charles Nessler, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of December, 1918, overruling his demurrer to the complaint.

*Henry G. Wenzel, Jr.,* for the appellant.

*Charles H. Wilson* of counsel [*William L. Morris* with him on the brief], for the respondent.

DOWLING, J.:

The plaintiff seeks to recover damages which he claims he sustained by reason of certain libelous articles published concerning him by the defendant, which he claims reflected upon his conduct of his business as a hairdresser.

The first objection to the complaint is that it contains no allegation that the plaintiff at the time of the publication of the alleged libel was engaged in business as a hairdresser. This objection is good, for the sole allegation relating thereto is that the plaintiff was doing such a business at the time of the verification of the complaint herein, for that is the sole import of the pleading in its present form. The libel sued on has to do with the merits of the respective methods followed by the two rival hairdressers in their treatment of human hair so as to give it an alleged permanent wave. Plaintiff claims he was charged with using chemicals in his treatment. Not content with alleging by innuendo the meaning of the alleged libelous matter, the plaintiff has annexed to his complaint a memorandum decision of the United States District Court, Southern District of New York, in an action brought by Nestle Patent Holding Co., Inc., against E. Frederics, Inc., wherein the present defendant's assignee sued for infringement of certain patent rights, the defendant therein being a corporation whereof the plaintiff is president. But said opinion shows that the Federal court found that Frederics did in fact deposit chemicals upon the hair, for in his treatment he used borax thereupon. Furthermore the same court found that E. Frederics, Inc., did not vaporize any lotion and used no steam process. Therefore, the court's opinion, relied on by the plaintiff, contradicts and makes ineffectual both his conclusions as to the effect of the libel, and the innuendo which he has set forth charging its meaning and falsity.

As to the second cause of action the same objection exists, that it fails to set forth that plaintiff was engaged in business as a hairdresser at the time of the publication of the alleged libel. Furthermore an injunction was in fact granted against E. Frederics, Inc., by the Federal court, for its violation of the Alworth patent. It is stated in the libel that this injunction was granted against Frederics upon the ground that he actually put chemicals into the hair before boiling it. As has been said, the Federal court did find that Frederics mixed borax with, or scattered it in, the hair; and borax is a chemical. In any event there is nothing in the article published in the New York *Times* which was libelous *per se* and no special damages are alleged.

It follows, therefore, that the order appealed from should be reversed, with ten dollars costs and disbursements, and the demurrer sustained, with ten dollars costs, with leave to the plaintiff to serve another complaint upon payment of said costs.

CLARKE, P. J., SMITH, PAGE and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to plaintiff to serve amended complaint on payment of said costs.