Andre Luotto, Respondent, *v.* Marshall Field, Doing Business under the Name of Field Publications, et al., Appellants.

Second Department, October 30, 1944.

*Francis H. Horan (Henry Cassorte Smith* with him on the brief), for appellants.

*Arnold J. Brock (William P. Balaban* and *Bernard Noskin* with him on the brief), for respondent.

*Per Curiam.* In this action to recover damages for alleged libel, the plaintiff has served a second amended complaint containing two causes of action. Defendants' motion for judgment on the pleadings and for partial summary judgment was denied at Special Term and defendants appeal.

The court correctly held that the publication of which plaintiff complains was not a libel *per se* insofar as it declared that plaintiff was a " pre-Pearl Harbor Fascist," which was all that the publication charged when fairly read. It is our view that the publication does not charge the plaintiff with anything that reflects upon his business skill or credit in his capacity as a manager of a radio station. The publication merely related to plaintiff's political views. The complaint does not allege that at the time of the publication plaintiff was engaged in such a calling or that he was such a manager. It alleges that he was an " advertising agent " specializing in radio advertising. It is, therefore, insufficient to sustain causes of action for general damages. (*Frederics* v. *Nessler,* 187 App. Div. 590; *Cassavoy* v. *Pattison,* 93 App. Div. 370, 372; *Cafferty* v. *Southern Tier Publishing Co.,* 226 N. Y. 87; *Bank* v. *Goodwin,* 167 Mo. App. 211, 218; *Armstrong* v. *Sun-Printing & Publishing Association,* 137 App. Div. 828, 831; *Purdy* v. *The Rochester Printing Co.,* 96 N. Y. 372.) The allegations that he had contract arrangements to become a manager in the event that the transfer of the radio station was approved are insufficient as a basis for general

damages. (33 Am. Jur., Libel & Slander, pp. 81–82, § 63; *Dudley* v. *Briggs,* 141 Mass. 582.)

Appellants concede that the Special Term correctly denied their motion for partial summary judgment so far as special damages were sought under paragraphs " 9 " " 10 " and " 11 " of the complaint. However, they assert that partial summary judgment should have been granted in reference to the claimed special damages sought under paragraph " 8 " of the complaint.

The documentary evidence submitted establishes that there is no issue of fact in respect of these claimed special damages. Such documentary proof shows that the hearing before the Federal Communications Commission was not precipitated by the newspaper publication for which defendants are responsible. The documentary proof is conclusive that the investigation or hearing was precipitated by other governmental agencies many weeks prior to the newspaper publication in question and that the information in reference to the plaintiff was of a character that bore heavily against approval. Whether the latter would cause disapproval or whether there would be approval by the Commission, or whether defendants' newspaper publication would cause disapproval is sheer speculation and, therefore, is not a basis for assessment of damages. The decision of the Commission could not be had until after the hearings. No evidentiary proof is submitted that a competent witness could furnish evidence of what the Commission would or would not do and the reason therefor. This speculative phase, however, was eliminated by the withdrawal of the application by the plaintiff, acting on behalf of the proposed purchasers of the station, he having received informal information not binding on the Commission, according to his own testimony, prior to the hearing, that the transfer of the station would not be approved.

The order should be modified on the law and the facts by striking out the words " in all respects denied " and in place thereof inserting a provision granting the motion to the extent of granting judgment on the pleadings dismissing the two causes of action insofar as they concern general damages; and by granting partial summary judgment dismissing the claimed special damages sought under paragraph " 8 "; and denying the motion in all other respects. As thus modified, the order should be affirmed, with ten dollars costs and disbursements to appellants.

CLOSE, P. J., HAGARTY, CARSWELL, JOHNSTON and ADEL, JJ., concur.

Order modified on the law and the facts by striking out the words " in all respects denied " and in place thereof inserting a provision granting the motion to the extent of granting judgment on the pleadings dismissing the two causes of action insofar as they concern general damages; granting partial summary judgment dismissing the claimed special damages sought under paragraph " 8 "; and denying the motion in all other respects. As thus modified, the order is affirmed, with ten dollars costs and disbursements to appellants.