**W. R. MILLER, Appellant,**

**v.**

**BANK OF COMMERCE, Appellee.**

**No. 16605.**

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 12, 1965.

Rehearing Denied March 12, 1965.

Kerr, Day & Cook, and Paul C. Cook, Fort Worth, for appellant.

McGown, Godfrey, Logan & Decker, and John B. McClane, Fort Worth, for appellee.

MASSEY, Chief Justice.

Counsel for appellant W. R. Miller and appellee Bank of Commerce apparently agree that an action for damages because of fraud lies in those instances when the complainant has been thereby induced to part with any property of value. 25 Tex.Jur.2d 625, "Fraud and Deceit", § 13, "(Elements of Fraud)—In general".

Why, says appellant's counsel, should not a similar action lie in an instance where one has been induced to delay or defer action to collect his debt through another's fraud, when forbearance on his part results in the loss of a claim which in all reasonable probability he would have collected except for such fraud. Under the jury findings in the instant case such is what occurred to occasion the appellant's loss of a valid debt upon his debtor's voluntary bankruptcy.

Although decisions in the premises are not unanimous the weight of authority in the United States is that such an action may not be maintained, 37 C.J.S. Fraud § 41, p. 293, "What Constitutes Damage or Injury —d. Inducing Forbearance or Inaction"; 23 Am.Jur. 996, "Fraud and Deceit", § 176, "Proximity and Certainty"; 47 L.R.A. 433 (supplemented at 1917E L.R.A. 1148), annotation: "Action by general creditor for damages against third party on account of fraud in disposing of debtor's property, or preventing plaintiff from collecting his claim." A very informative and authoritative case, holding in accord, is Evans v. Burson, 164 P. 471 (Oklahoma, 1917).

Among grounds for so holding have been these: that the damage for which such an action is necessarily brought is remote, contingent, and not necessarily a proximate result of the acts of which complaint is made; actual damage could be no more than a matter of conjecture; that the creditor's right was not assured, he having simply a chance of securing his claim; and that the creditor cannot show that he suffered any damage not common to all creditors.

Appellant has cited numerous cases, holdings in which he believes have application to the situation posed by his appeal and language from which he deems persuasive to the end that our proper holding should be that his cause of action should be upheld. We have examined them. Our conclusion is that, at most, the circumstances of the cases create conditions under which a different rule of law would be applicable. Each of the cases is distinguishable from those under which has been established the majority rule that recovery cannot be had for fraudulent representations inducing a creditor merely to refrain from taking steps to collect a debt until collection has become impossible. Such rule we deem to have full application to the circumstances of the instant case. Effect of the rule is to annul the right appellant claims.

What is stated hereinabove necessitates overruling all the appellant's points of error save his fourth and fifth points, and perhaps a portion of his sixth. Therein he complains because the trial court failed and refused to submit special issues inquiring as to balances remaining unpaid and owed to the appellee bank on the notes of appellant's debtor. Appellant had become surety on one of the notes and was a guarantor of the other. Further complaint was because the court had withdrawn the case from the jury and rendered judgment on the phase of the suit dealing with the amount appellee was owed on the notes. The phase of the suit which was submitted was the counterclaim of appellant, subject of our initial discussion.

Although the evidence in the record on the matter seems to have been uncontradicted upon the matter of balances owing, yet the points of error in the premises are to be overruled for want of affirmative pleading by the appellant relative to the matter of payment. Texas Rules of Civil Procedure 94, "Affirmative Defenses", and 95, "Pleas of Payment".

Judgment is affirmed.