MARY A. RING *vs.* JOHN B. NEALE.

A second mortgagee of personal property, who is not in actual possession, cannot maintain an action in the nature of trover for its conversion.

TORT for the conversion of personal property. Writ dated February 15, 1872.

At the trial in the Superior Court, before *Devens*, J., the plain- tiff produced a chattel mortgage, under which she claimed title, made to her by one Searle, dated September 4, 1868, and re- corded January 19, 1870. It appeared that on November 9, 1870, the plaintiff, for breach of the condition of the mortgage, caused a notice in° due form of her intention to foreclose it to

be served on Searle, and to be duly recorded, but that she never took possession of or removed any of the property. It also appeared that Searle had given to another person a prior mortgage of the same property, dated November 28, 1861, and duly recorded, which had never been paid or discharged; that July 8, 1871, Searle, being in possession of the property, sold and delivered it to the defendant, without the knowledge or consent of the plaintiff or of the first mortgagee ; that both mortgages were then overdue; that by the terms of both mortgages, the mortgagors were entitled to possession till breach of condition ; and that at the time of the sale the conditions of both mortgages had been broken, but neither the plaintiff nor the first mortgagee had taken possession of any part of the property.

It was admitted that, prior to the bringing of the action, a demand had been made upon the defendant for the property, and that he had refused to deliver it to the plaintiff.

Upon the foregoing facts the court ruled that the action could not be maintained, and directed a verdict for the defendant, and reported the case at the request of the plaintiff. If the ruling was erroneous, the case was, by agreement of the parties, to be referred to an auditor for the assessment of the damages.

*G. W. Morse,* for the plaintiff.

*C. G. Keyes,* for the defendant.

COLT, J. The declaration is for the conversion of personal property. To maintain the action of tort in the nature of trover, the plaintiff must have the legal title to the property in question, and must show possession or a right to immediate possession. It is not enough that he shows an equitable title, such as a right to redeem, or a reversionary interest subject to the present legal title of another. The whole legal title and right of possession passes to the mortgagee by a mortgage of personal property, and is defeated only by the performance of the condition. The plaintiff's interest in this property is that of second mortgagee. The legal title and right of immediate possession at the time of the alleged conversion was in the holder of the first mortgage, to whom alone the defendant is liable in this form of action. The defendant cannot be held in two actions of the same kind, at the

Ring *v*. Neale.

same time, for the same tort, in favor of different persons. Nor can the rights of the holder of the first mortgage be defeated. The law has thus been laid down many times in this Commonwealth. *Landon* v. *Emmons*, 97 Mass. 37. *Rugg* v. *Barnes*, 2 Cush. 591. *Goodrich* v. *Willard*, 2 Gray, 203.

The plaintiff relies on the case of *Treat* v. *Gilmore*, 49 Maine, 34. It seems to be there decided that the unlawful sale by an attaching officer of personal property subject to a second mortgage, would support an action of trover in favor of the holder of that mortgage. But the facts in that case show that the plaintiffs were mortgagees of property, part of which only was subject to the prior mortgage, and the whole of which was sold by the defendant. For this sale the holders of the first mortgage had already recovered a judgment, which of course only covered their interest in the property, and for the amount thus recovered the jury were required to make allowance in their verdict. It would seem that the recovery of the first judgment and its payment operated to discharge the first mortgage, and was properly allowed in mitigation of damages as a payment which had enured to the plaintiffs' benefit. So that the rule above given was not necessarily encountered in that case. It is doubtful, at least, whether, without the features indicated, the rule would have been disregarded by that learned court.

No question of laches or fraud on the part of the holder of the first mortgage, or of the validity of that mortgage, was made at the trial. If the plaintiff had intended to rely on such grounds, she should have insisted upon them at the trial, so that they might have been submitted with proper instructions to the jury.

*Judgment on the verdict.*