JOHN ROGERS vs. WILLIAM H. CROMACK.

Middlesex. January 8. — 14, 1878. AMES & LORD, JJ., absent.

In an action against an officer for the proceeds of a chattel attached and sold by him on mesne process against the plaintiff, the officer is not estopped by his return to deny the plaintiff's property.

CONTRACT for $132, money had and received, with a special count for the same cause of action. Trial in the Superior Court, without a jury, before *Brigham*, C. J., who found the following facts:

Edward De Anguera brought an action against John Rogers, the present plaintiff, in the First District Court of Eastern Middlesex, for the price of a piano alleged to have been sold and delivered by De Anguera to Rogers. On that writ, the present defendant, a constable of Malden, as he stated in his return thereon, attached "one piano as the property of the within named John Rogers," and afterwards, pursuant to the provisions of the Gen. Sts. *c.* 123, §§ 73–78, sold it by auction to De Anguera, the highest bidder, for the sum of $135, and delivered the piano to De Anguera, who now has it. The net proceeds, after deducting $32, charges of the sale, were retained by De Anguera to await the result of that action, and never came to the hands of this defendant.

The piano attached was the same for the price of which that action was brought, and was not the property of Rogers, but of De Anguera. At the trial of that action, Rogers denied that he had ever bought the piano or had any title to it, and contended that it was still the property of De Anguera; and on that issue a verdict and judgment were rendered for Rogers. Rogers then, after demanding of this defendant the proceeds of the sale by auction, brought this action.

Upon these facts it was ruled that this action could not be maintained, and judgment was ordered for the defendant; and the plaintiff alleged exceptions.

*A. V. Lynde & W. P. Harding*, for the plaintiff.

*J. H. Benton, Jr.*, for the defendant, moved for double costs.

BY THE COURT. These exceptions are frivolous. The officer's return in the former action did not estop him to prove, and

the court below has found the fact to be, that Rogers, the then defendant and now plaintiff, had no property in the piano. *Denny* v. *Willard*, 11 Pick. 519, 526. *Roberts* v. *Wentworth*, 5 Cush. 192. *Exceptions overruled, with double costs.*