THOMAS M. ROGERS & another *vs.* UNION STONE COMPANY.

Worcester. Oct. 5, 1882. — Jan. 8, 1883. C. ALLEN, COLBURN & HOLMES, JJ., absent.

If an order for goods is addressed to a corporation, and is accepted by "A. B., treasurer," he being in fact the treasurer of the corporation, the acceptance is in form that of the corporation.

A. manufactured a machine on the order of B., on the agreement that B. should pay cash for it. C. had ordered the machine of B. When the machine was completed, B. was not able to pay cash, and it was agreed between A., B. and C. that B. should pay A. part cash, and give his promissory notes for the balance, secured by an order from B. on C. for goods, accepted by C. This was done, and, on the faith of the order, A. delivered the machine to C. on account of B. *Held*, that there was a good consideration between A. and C., and that A. could maintain an action against C. on the acceptance.

B. gave an order on C. in favor of A., as collateral security for promissory notes of B., which order was accepted by C. There was a sufficient consideration as between A. and C. Some of the notes were transferred by A. under an agreement that the order should be held by A. as collateral security for the payment of all the notes. A. then became bankrupt. *Held*, that, on the failure of B. to pay the notes, the assignee in bankruptcy of A. could maintain an action on the order for the benefit of the bankrupt estate and of the holders of the notes which had been transferred.

The purchaser of a *chose in action* from an assignee of a bankrupt estate may maintain an action upon it in the name of the assignee.

B. gave to A. an order on C. payable in goods, as collateral security for promissory notes of B. C. accepted the order, and there was a good consideration as between A. and C. The notes, except one, were not paid by B., and A. made a demand on C. to fill the order according to C.'s own construction of it, and in C.'s own way. C. refused, assigning no reason except that the order was not legal. No statement was made to C. of the amount due on the notes. *Held*, that C. was liable to A. on the order to the amount of the notes not paid.

CONTRACT, in two counts. The first count alleged that the plaintiffs were the assignees in bankruptcy of a corporation named the Wood and Light Machine Company; that, before the bankruptcy, Buchanan, Ware and Company made an order

upon the defendant, a copy of which was annexed, directing it to deliver certain goods, therein specified, to the Wood and Light Machine Company; that the defendant duly accepted said order, and thereby became liable to deliver to said company said goods, to the value of two thousand dollars; and that the defendant, though often requested, had failed to deliver said goods to said company, or to the plaintiffs as their assignees in bankruptcy.

The second count, which was for the same cause of action, alleged that the defendant made an agreement in writing, a copy of which was annexed, agreeing to deliver to the Wood and Light Machine Company certain goods, therein specified, to the value of two thousand dollars; and that the defendant, though often requested, had refused to deliver said goods to said company, or to the plaintiffs as its assignees in bankruptcy.

The copy annexed to both counts was as follows: " Worcester, January 8, 1876.  Union Stone Co., Boston, Mass.  Please deliver Wood and Light Machine Company, or order, two thousand dollars in emery wheels and emery goods, hones, slips, &c. as per our order of October 20, 1875.  Buchanan, Ware & Co."

Across the face of this order was written: " Two thousand dollars emery goods at our list prices.  Accepted, January 8, 1876.                              Jno. F. Wood, Treas."

Answer: 1. A general denial.  2. That the order or agreement was never presented to, or demand made upon, the defendant, and that payment was never refused.  3. That the order and agreement were given as collateral security for the payment of certain notes, which had been fully paid and satisfied ; and that said original claims were never possessed by the plaintiffs.

The plaintiffs were afterwards allowed to amend their declaration by adding the following count:

" And the plaintiffs say that they are the assignees in bankruptcy of the Wood and Light Machine Company, as alleged in the preceding counts, and before the said corporation was adjudicated bankrupt, to wit, on or about January 8, 1876, in consideration that the said Wood and Light Machine Company would deliver to the defendant a certain lathe of great value, which the said Wood and Light Machine Company had theretofore

manufactured for Buchanan, Ware and Company, and which said Buchanan, Ware and Company had agreed to pay cash for on delivery, and would receive in part payment therefor certain promissory notes of Buchanan, Ware and Company, the defendant accepted and delivered to the said Wood and Light Machine Company, the order, a copy whereof is annexed to the first count of the declaration, said order having been drawn in the presence of the defendant and of said Buchanan, Ware and Company and of the said Wood and Light Machine Company, and then and there accepted as aforesaid by the defendant; and thereupon the said Wood and Light Machine Company did deliver said lathe to the defendant, on the faith and credit of said order and acceptance, and received said order as collateral security for said notes, and said notes were not paid, but still remain unpaid; and thereupon, by the premises, the defendant promised to deliver to said Wood and Light Machine Company the goods mentioned in said order, yet the defendant, though often requested, refused and neglected, and still refuses and neglects, to deliver said goods to said Wood and Light Machine Company, or to the plaintiffs, to whom, upon the said assignment in bankruptcy, the said order and acceptance passed, and therefore a cause of action hath accrued to the plaintiffs to recover against the defendant the value of the goods described in said order."

The answer to this count contained a general denial, alleged that, if the defendant made the contract declared on, it was given to the plaintiff as collateral security for certain notes given by Buchanan, Ware and Company to the plaintiffs, and that the plaintiffs had discharged Buchanan, Ware and Company from said notes. The answer also alleged that no cause of action existed in behalf of the plaintiffs against the defendant on account of the matters sued on, and that the notes for which the contract was given had been paid.

After the former decision, reported 130 Mass. 585, the case was tried in the Superior Court, without a jury, before *Gardner,* J., who made a report of the case for the determination of this court, which, after stating that the pleadings were made part thereof, proceeded in substance as follows:

On January 12, 1876, the Wood and Light Machine Company filed a voluntary petition in bankruptcy, and the plaintiffs

were appointed assignees of their estate. The following facts were agreed to, but the defendant contended that they were inadmissible under the pleadings:

On or about January 8, 1876, the Wood and Light Machine Company had completed a lathe which it had been manufacturing on account and on the order of Buchanan, Ware and Company, who had employed the Wood and Light Machine Company to manufacture it in consequence of an order which .they had received from the defendant. Buchanan, Ware and Company had agreed to pay cash for said lathe; and, on January 8, Ware, of the firm of Buchanan, Ware and Company, Wood, the treasurer of the defendant, and Howland, the agent of the Wood and Light Machine Company, met in Worcester. At this interview Ware asked Howland to take the notes of Buchanan, Ware and Company for the lathe; Howland refused, but offered to take them if indorsed by the defendant. Wood objected that he had, as treasurer, no authority to indorse notes. Thereupon it was agreed between all the parties that Buchanan, Ware and Company should pay one thousand dollars in cash, and should give five promissory notes for the balance, and, to secure said notes, that Buchanan, Ware and Company should draw the order in suit, and the same should be accepted by the defendant, and delivered to the Wood and Light Machine Company as security for said notes. In pursuance of this agreement, Ware drew and signed the order, and Wood signed the acceptance thereof and took it with him to Boston, upon an understanding and agreement that it was to be delivered to the Wood and Light Machine Company with the $1000 cash. In the course of a day or two, Wood sent it, in pursuance of the agreement, to the Wood and Light Machine Company. This corporation delivered the lathe to the defendant on account of Buchanan, Ware and Company, and gave to them a receipted bill for the lathe. Wood sent in the same letter enclosing the order a check for $1000, which was paid by him for and on account of Buchanan, Ware and Company. The lathe was delivered to the defendant on the faith and credit of the money payment and the notes secured by the order; and it would not have been delivered if the order had not been given and accepted.

The first note was paid by Buchanan, Ware and Company. Before the Wood and Light Machine Company filed their petition in bankruptcy, the second and third notes were indorsed by Wood and by the Wood and Light Machine Company, and transferred in payment, one to one Wellington, and the other to one Converse, of bills which they respectively had at that time against said company; and, at the time this action was begun, these notes were in the hands of said parties, and before the trial they handed them to the plaintiffs, but still owned the same. At the time said notes were transferred, the indorsees and holders thereof were informed that the notes were secured by said order, and it was agreed that the order should be held as security for said holders, and as security for the other notes. The other notes passed to the plaintiffs as a part of the assets of the Wood and Light Machine Company.

On June 25, 1877, a demand was made upon the defendant corporation, without any condition, to fill the order according to the defendant's own construction of it, and in its own way, and it refused, assigning no reason except that it was not legal.

In the fall of 1876, Wood asked Howland, who was then the authorized agent of the assignees and of the purchasers of the assets in carrying on the business, how many of said notes were paid and how much was due thereon, and Howland replied that he did not know. No evidence was offered that any statement was ever made to the defendant of the amount due on said notes, or how many had been paid.

Before this action was begun, the plaintiffs assigned and transferred all their interest in said notes, and all the assets of said bankrupt estate, to Joseph Pratt and others, who now own the same, but said notes were not indorsed by the plaintiffs. After this transfer of said assets, the latter carried on the same kind of business, in the name of the Wood and Light Machine Company, as that company had been previously engaged in; and Howland, acting as their agent, retained in his possession the two notes so transferred to them. The assignees have no interest in this action, but it is prosecuted for the benefit of the holders of said four notes.

The defendant asked the judge to rule that, upon the above facts, the plaintiffs could not recover, and, if they could recover,

that they could only recover the amount due on the last two notes. The judge refused so to rule; but ruled that the plaintiffs could recover, and found for the plaintiffs for the amount due on said four notes, namely, $1105.88, and ordered judgment accordingly.

If the ruling was correct, the judgment was to stand; otherwise, such order and direction to be made as law and justice might require.

*F. W. Griffin*, (*F. T. Blackmer* with him,) for the defendant.
*F. P. Goulding*, for the plaintiffs.

FIELD, J. The order was addressed to the Union Stone Company, and was accepted by " Jno. F. Wood, Treas.," who was the treasurer of the company. In form this is an acceptance by the company, and the circumstances under which it was given show that it was intended to be the acceptance of the company. *Carpenter* v. *Farnsworth*, 106 Mass. 561. *Whitney* v. *Stow*, 111 Mass. 368.

The order was accepted in pursuance of an agreement between the Wood and Light Machine Company, Buchanan, Ware and Company, and the defendant, that the defendant should accept the order and deliver it to the Wood and Light Machine Company, and it was so delivered. This constituted a promise by the defendant directly to the Wood and Light Machine Company. The Wood and Light Machine Company parted with the possession of the lathe, for which Buchanan, Ware and Company had agreed to pay cash, and delivered it to the defendant " on account of Buchanan, Ware and Company," " on the faith and credit of the money payment and the notes secured by the order." This was a good consideration for the acceptance and delivery of the order, moving directly from the Wood and Light Machine Company, at the request of the defendant. These facts bring the case within the law as laid down in *Walker* v. *Sherman*, 11 Met. 170, and distinguish it from the case at bar as reported in 130 Mass. 584.

The order was delivered as collateral security for the payment of the notes of Buchanan, Ware and Company. At the time the Wood and Light Machine Company filed its petition in bankruptcy, that company held the order and three of the five notes given by Buchanan, Ware and Company. The remaining two

notes the company had transferred to other persons, under an agreement that the order should be held as security for the pay-ment of the notes transferred, as well as of the notes retained by the company. The bankrupts, therefore, at the time when the assignment in bankruptcy took effect, held the legal title to the order and had a beneficial interest in it, and that title passed to the assignees in bankruptcy, who, if the notes of Buchanan, Ware and Company were not paid, could in their own names have enforced the order for the benefit of the estate in bankruptcy, and of the holders of the transferred notes. U. S. Rev. Sts. §§ 5046, 5047. *Rhoades* v. *Blackiston*, 106 Mass. 334.

The assignees before the commencement of this action sold and assigned all their interest in the notes, and in the assets of the bankrupt estate, to Pratt and others, and the order has been held by Howland, the agent of Pratt and others, as collateral security for the payment of the notes transferred by the company before bankruptcy, as well as of the notes sold to Pratt and others by the assignees. The purchaser of a *chose in action* from an assignee in bankruptcy cannot bring suit in his own name, but may in the name of the assignee. *Leach* v. *Greene*, 116 Mass. 534.

By none of the transfers of the notes of Buchanan, Ware and Company has the defendant been discharged from its liability on the order, and the assignees are the proper party to bring an action at law upon it for the benefit of the persons who are equitably interested in the damages to be recovered.

As the order was delivered to the Wood and Light Machine Company directly by the defendant, upon a good consideration between these parties, the defendant was entitled to have the order delivered back to it, if the notes, the payment of which the order was given to secure, were all paid. One of the notes has been paid, but the order stands as security for the four notes remaining unpaid, and can be enforced against the defendant to the amount of those notes. The report finds that "a demand was made upon the defendant corporation, without any condition, to fill the order according to the defendant's own construction of it and in its own way, and it refused, assigning no reason except that it was not legal." This demand was made after the maturity of all the notes. After such a demand

and refusal, the defendant cannot successfully defend against the action for damages in money on the ground that no statement was ever made to it " of the amount due on said notes, or how many had been paid." The refusal to perform the contract was absolute, and the reason given was such as to render it unnecessary for the plaintiffs to inform the defendant of the amount remaining unpaid upon the notes.

The rulings of the court were correct.    *Judgment affirmed.*