### JOHN CLARK & another *vs.* DAVID DEAN.

Suffolk. Nov. 16, 1886. — Jan. 7, 1887. HOLMES & GARDNER, JJ., absent.

If goods, consigned by A., the owner, to B., and of which A. has the right of immediate possession, are attached by C. upon a writ against B., and C. refuses to deliver them to A. upon his demand, B. having also notified C. of A.'s ownership of the goods and directed their delivery to him, A. may maintain an action of tort in the nature of trover against C. for the goods.

TORT, in two counts. The first count alleged that the defendant had converted to his own use the goods mentioned in a schedule annexed, the property of the plaintiffs. The second count was as follows: "And the plaintiffs say that, prior to the issuing of their writ, they consigned for sale the merchandise

described in the schedule annexed to their writ to one Edward E. Washburn of Taunton; that on or about February 1, 1884, the defendant took possession of the same and converted the same to his own use; that on or about February 9, 1884, the said Washburn directed said defendant to deliver the same to the plaintiffs, and on or about February 9, 1884, the plaintiffs duly demanded the said property of the defendant, who refused to deliver the same to them, to the damage of the plaintiffs."

Trial in the Superior Court, before *Brigham*, C. J., who reported the case for the determination of this court, in substance as follows:

The plaintiffs put in evidence the report of an auditor, the material parts of which were as follows: " Prior to bringing this action, the defendant, as a deputy sheriff of Bristol county, attached the property in dispute as the property of one Edward E. Washburn, on a writ in favor of Francis McQuaid, against the said Washburn, said property being then in the custody of said Washburn, but was property which the plaintiffs had consigned to the said Washburn. The plaintiffs, learning of the attachment of this property by the defendant, made a demand on him for it, but he declined to give it up, and the plaintiffs thereupon brought this suit. I therefore find and report, that, at the date of the plaintiffs' writ, the title to the property in question was in the plaintiffs, and that they were entitled to immediate possession of the same; that the defendant converted the said property to his own use, as aforesaid; that the plaintiffs made due demand on him for the said property, before bringing this action; that the defendant did not comply therewith; that the prices affixed to the several items in the plaintiff's declaration represent the true market value of the said property at the time of conversion; and that the defendant owes the plaintiffs $513.50, being the value of the said property converted by him as aforesaid, with interest from the date of the plaintiffs' writ."

After the auditor's report had been read, the defendant called as a witness one of the plaintiffs, who testified that the plaintiffs did not sell the property in question to Washburn, but consigned it to him, and not for the purpose of enabling him to do business; that Washburn paid all the expenses of freight and transportation of the same; that he was a retail dealer of this

kind of property in Taunton; that he was to keep the goods until they were sold; and that he was to sell them at any price he pleased, and was not to pay for them until they were sold, and, when they were sold, he was to turn over their proceeds to the plaintiffs.

It was admitted that, at some time after the attachment, and before bringing this action, a clerk of the plaintiffs handed to the defendant in Taunton a paper, of which the following is a copy, and at the same time demanded the property of the defendant: "Taunton, February 9, 1884. To David Dean, Deputy Sheriff: The following list of furniture in the store, No. 589 Summer Street, Taunton, occupied by me, is the property of Clark and Buckley, of Boston, Mass., and you will therefore deliver the same to them. [Then followed a list of the property, as set out in the schedule annexed to the declaration.] E. E. Washburn."

Upon these facts, at the request of the defendant, the judge ruled that the plaintiffs could not maintain the action upon the first count of their declaration. The defendant further requested the judge to rule that, upon all the facts, the plaintiffs could not maintain the action upon the second count of their declaration, the same being in the nature of trover. It was contended by the plaintiffs that the second count was not in trover for the conversion of the property. The judge ruled that the action could be maintained upon this count; and directed a verdict for the plaintiffs.

If the ruling was right, judgment was to be entered on the verdict; otherwise a new trial to be ordered; or the case was to have such other direction as the legal rights of the parties might require.

*E. N. Hill*, for the defendant.

*C. S. Lincoln*, for the plaintiffs.

MORTON, C. J. We need not discuss the question whether there is any material difference between the two counts of the plaintiffs' declaration, because we are of opinion that, under either count, the plaintiffs are, upon the undisputed evidence in the case, entitled to recover.

It is true, as contended by the defendant, that, in order to maintain trover, the plaintiffs must show, not only title in the

property converted, but also the right of immediate possession. *Ring* v. *Neale*, 114 Mass. 111. *Hardy* v. *Munroe*, 127 Mass. 64. But the auditor found that the goods which the defendant attached as the property of Washburn were the property of the plaintiffs; that they made demand for the goods, which was refused by the defendant; and that they were entitled to the immediate possession of the goods. This made a *prima facie* case for the plaintiffs, and entitled them to a verdict, unless it was controlled by other evidence. The evidence introduced by the defendant corroborated the auditor's findings. It shows that the goods were the property of the plaintiffs, consigned to Washburn, and that they had the right of immediate possession of them.

The order to the defendant, signed by Washburn, to deliver the goods to the plaintiffs, gave them the right of possession, and waived any lien of Washburn, if he had any such lien, which does not appear. If Washburn had any lien, his creditors could not attach it, and he could waive it in favor of the general owner. *Holly* v. *Huggeford*, 8 Pick. 73. *Kittredge* v. *Sumner*, 11 Pick. 50.

The undisputed evidence, therefore, shows that the plaintiffs are entitled to maintain their action upon either count; and the ruling of the court was sufficiently favorable to the defendant. *Judgment on the verdict.*