### JAMES COULTER *vs.* WARREN HAYNES.

Middlesex. March 16, 1888. — March 19, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Chose in Action — Assignment — Action — Assignee — Assent — Indorsement for Costs.*

If the assignor of a chose in action brings an action thereon while the assignment is in force, the appearance of the assignee in court, and his statement that "he did not desire through his assignment to prevent the recovery in this action," ratifies the bringing of the action, and will authorize the assignor to prosecute it; and the assignee need not indorse the writ.

An indorser for costs can be secured only by application to the court, under the Pub. Sts. c. 167, § 30.

CONTRACT to recover a balance due for wages. Trial in the Superior Court, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows.

On October 15, 1885, the plaintiff assigned in writing all his wages then due, or that might become due, from the defendant, to John K. Harriman, until October 1, 1886, to secure a grocery bill. When the action was brought, the plaintiff was still indebted to Harriman, and so remained at the time of the trial. Harriman testified that he never authorized the plaintiff, or any

one, to bring the action, and had not consented to its maintenance; that he had known for a long time that the action had been brought, and had seen the plaintiff frequently, and had never objected to it; and that if there was anything due from the defendant, he did not desire through his assignment to prevent the recovery of it in this action.

The defendant asked the judge to rule: "1. That a suit brought in the name of an assignor of wages, without the consent of the assignee, and not sanctioned by said assignee before trial, cannot be maintained by the plaintiff, the assignor still being in debt to the assignee. 2. That said action could not be maintained and carried on unless the assignee indorsed the writ, and became liable for taxable costs of suit."

The judge refused so to rule, and the jury returned a verdict for the plaintiff. The defendant alleged exceptions.

*J. W. Reed*, for the defendant.

*J. T. Joslin*, for the plaintiff.

BY THE COURT. The suit was properly brought in the name of the plaintiff, although he had assigned his claim to Harriman. The assignment is not a defence to the action. If any authority from the assignee was necessary to enable the plaintiff to maintain the action, the appearance of the assignee in court, and his statement that "he did not desire through his assignment to prevent the recovery" in this action, ratified the bringing of the suit, and was a sufficient authority to the plaintiff to prosecute the action. *Moore* v. *Spiegel*, 143 Mass. 413.

The assignee was not required to indorse the writ; but if it was a case where an indorser for costs ought to be required, the defendant's remedy was by an application to the Superior Court under § 30 of c. 167 of the Public Statutes.

*Exceptions overruled.*