JULIA A. M. SHORT *vs.* J. MERRILL CURRIER & another.

Essex.    November 6, 1889. — January 1, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Mortgage — Fraudulent Representations — Estoppel — Equity.*

A woman, without business experience, bought a mortgage of land, and proposed to take an assignment thereof from the mortgagee and a deed of the land from the mortgagor. A business man, holding himself out as her friend, represented to her, with a design to mislead, that it was irregular and not business-like to have the mortgage assigned, and advised her to have it discharged. She followed his advice, in ignorance that he was a creditor of the mortgagor, and by his assistance discharged the mortgage, and he caused an attachment to be placed upon the land before she got the deed. *Held,* that his conduct was clearly fraudulent, and estopped him from setting up any claim under the attachment, and that she was entitled to relief in equity.

BILL IN EQUITY, filed in the Superior Court, alleging in substance that the plaintiff was seised of a parcel of land in Methuen ; that on November 7, 1887, the land was subject to two mortgages, held by one Wells and given by one Pearl, then the owner of the land and the husband of the plaintiff's sister; that the plaintiff just before that date, wishing to assist Pearl, paid to Wells two thousand dollars for the mortgages,

which, though somewhat less than what was due upon them, was all that the land was worth, and took a receipt therefor from Wells, who agreed to assign the mortgages to her; that on November 9, Currier, the first named defendant, acting for Wells, delivered to her the assignments; that she then informed Currier that, in consideration of the payment of such sum and of certain taxes by her, Pearl was about to convey the land to her; that she was unfamiliar with business, and Currier, who was a business man and assumed to be a friend to her, advised her to have the mortgages discharged, and not assigned, representing that it was irregular and not business-like to have them assigned if she was to receive a conveyance of the land; that she was ignorant at the time that Currier and the other defendant composed a firm to which Pearl was indebted to the amount of about eight hundred dollars, and believed him to be prompted only by the desire to assist her; that Currier knew that the plaintiff was ignorant that he had any interest in the matter, and that she believed that in giving the advice he was acting as a friend to her; that Currier believed that, if the mortgages were discharged, title to the land would be in Pearl, and intended to deceive and mislead the plaintiff into having the mortgages discharged, so that he might secure by attachment of the land the debt due to his firm; that on the afternoon of November 9, Currier, having learned from the plaintiff that a deed was about to be prepared for Pearl to execute, at once caused the land to be attached in an action of contract for such firm debt, which action was still pending; that later in the day Currier went to Pearl's house, where the plaintiff was then staying, at which time a warranty deed of the land to the plaintiff had been executed by Pearl, reciting that it was conveyed subject to the two mortgages of which she was the assignee, and that the consideration therefor was the previous payment made by her; that, induced by and relying upon the advice and representations of Currier previously made to her, she decided to have the mortgages discharged, and delivered the assignments to Currier as her agent to return to Wells, requesting him to have Wells execute discharges of the mortgages; that on November 10, Currier brought to her discharges of the mortgages duly executed by Wells, which he delivered to her, and which

she accepted in ignorance of the fact that the attachment had been made ; that on that day Pearl executed and delivered a warranty deed of the land to her, which, together with the discharges of the mortgages, was duly recorded ; and that the plaintiff was entitled to hold the land in question under the mortgages as against the defendants' attachment.

The prayer of the bill was, that the plaintiff might hold the land in question free from such attachment, and that the defendants might be enjoined from disputing her title thereto, and for further relief.

The defendants demurred to the bill for want of equity ; the Superior Court sustained the demurrer ; and the plaintiff appealed to this court.

*C. U. Bell,* (*W. M. Rogers* with him,) for the plaintiff.

*W. L. Thompson,* for the defendants.

C. ALLEN, J. The facts set forth in the bill, if proved, would estop the defendants from setting up any claim under their attachment, by reason of the conduct of Currier in standing by and seeing the plaintiff take the conveyance of the premises under the impression that she was getting a clear title, and in advising and assisting her in so doing, and in making misrepresentations to her that it was irregular and not business-like to have the mortgages assigned, which conduct upon the facts set forth was with a design to mislead her, and had that effect, and was clearly fraudulent.

*Decree reversed, and demurrer overruled.*