RAYMOND SYNDICATE *vs.* JOSEPH GUTTENTAG.

Suffolk.    November 19, 1900. — February 26, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

An action of tort for the conversion of goods of the plaintiff under Pub. Sts. c. 167 is equivalent to trover at common law, and cannot be maintained by one who has a right of property without the right of immediate possession.

In an action of tort for a conversion of goods, evidence of a subsequent sale of the goods at auction is admissible to show their value at the time of the conversion, unless the condition of the property had changed or the time of the sale was too remote.

TORT against a constable for the alleged conversion of sixty-six chairs, a desk, an office chair and other articles belonging to the plaintiff.    Writ dated August 3, 1895.

The case was brought in the Municipal Court of the city of Boston, and came on appeal to the Superior Court, where it was tried before *Hopkins*, J., without a jury.    It appeared that the property in question, at the time of the alleged conversion on August 1, 1895, was owned by the plaintiff, and was in the possession of one Wyman, doing business under the firm name of " The Original Wyman Sandwich Company " on Washington Street in Boston, under a contract between Wyman and the plaintiff made some time in July, 1895, by which Wyman was to retain possession of the property and use it in his business of restaurant keeper for a period of ninety days, and at the expiration of that period was either to purchase the property or return it to the plaintiff.    On August 1, 1895, while Wyman was in possession of the property under this contract, the prop-

erty was attached by the defendant on a writ issued from the Municipal Court of the city of Boston in favor of certain Fonseca Brothers against Wyman, was removed to a public storehouse and subsequently was sold by the defendant at public auction .on an execution in the last named action.

At the trial one Fonseca, called as a witness by the defendant, testified that he was present at the auction, and was asked how much the chairs realized apiece. The question was objected to by the plaintiff and excluded by the judge, and the defendant excepted.

At the close of the evidence, the defendant requested the judge to rule, that the plaintiff could not recover upon the evidence, and that upon the evidence the plaintiff was not entitled to the possession of the goods and consequently could not maintain this action.

The judge refused to give either ruling, and found for the plaintiff in the sum of $215. The defendant alleged exceptions.

*P. Tworoger & A. Rosenthal*, for the defendant.

*F. S. Hesseltine*, for the plaintiff.

BARKER, J. The declaration alleges " that the defendant has converted to his own use the property of the plaintiff." The bill of exceptions purports to state the facts of the case, and that the defendant requested rulings that the plaintiff could not recover upon the evidence, and that upon the evidence the plaintiff was not entitled to the possession of the goods and consequently could not maintain the action. Both briefs are addressed to the question whether upon the facts stated the action would lie upon the declaration, and we therefore consider that question.

The declaration follows a statutory form first given in St. 1851, c. 233, and which is also found in St. 1852, c. 312, Gen. Sts. c. 129, and Pub. Sts. c. 167. None of these statutes abolished the action of trover. Each of them enacted that there should be only three divisions of personal actions, one of which divisions, actions of tort, has always included the action of trover by that name, the two first statutes designating it as the action " now known as " trover, and the two last as the action " heretofore known as " trover. St. 1851, c. 233, § 1. St. 1852, c. 312, § 1. Gen. Sts. c. 129, § 1. Pub. Sts. c. 167, § 1.

Under the old practice the owner of chattels could not maintain trover for their conversion unless when the acts complained of were done he had possession or the right to immediate possession. *Fairbank* v. *Phelps*, 22 Pick. 535, and cases cited. The owner's remedy for damage to his reversionary interest in chattels, done when he had neither possession nor the right to immediate possession, was an action on the case. *Ayer* v. *Bartlett*, 9 Pick. 156. *Forbes* v. *Parker*, 16 Pick. 462. After the adoption of the practice acts it was held that they made no change in the rules of evidence applicable to the causes of action comprehended under the designation of actions of tort, and that it was still necessary under the statutory form given for trover that the evidence should be such as would have proved a conversion in an action of trover at common law. *Robinson* v. *Austin*, 2 Gray, 564. *Winship* v. *Neale*, 10 Gray, 382.

It is settled that to maintain tort under a declaration like the present one the plaintiff must show possession or the right to immediate possession. *Winship* v. *Neale*, 10 Gray, 382. *Landon* v. *Emmons*, 97 Mass. 37. *Ring* v. *Neale*, 114 Mass. 111. *Clapp* v. *Campbell*, 124 Mass. 50. *Baker* v. *Seavey*, 163 Mass. 522, 526. *Field* v. *Early*, 167 Mass. 449, 451. The ground of action of one not in possession or having the right to immediate possession should be set forth in a different form. *Baker* v. *Seavey*, *ubi supra*.

The facts stated show that when the plaintiff's chattels were attached by the defendant, the plaintiff had neither possession nor the right to possession. There is nothing to show that the attachment of the goods worked a forfeiture of Wyman's right to retain and use them under his contract with the plaintiff, or gave the latter a right to retake them. See *Ayer* v. *Bartlett*, 9 Pick. 156, 160. Therefore the plaintiff could not recover in the action upon the facts, and the jury should have been instructed to that effect, in accordance with the defendant's requests.

The remaining exception is to the exclusion of evidence offered by the defendant upon the question of damages, tending to show the price at which some of the chattels subsequently sold at public auction upon an execution issued in the action upon which the defendant had attached them. Such evidence is com-

petent upon the question of damages.  *Baker* v. *Seavey*, 163
Mass. 522, 528, and cases cited.  Unless the condition of the
goods had changed, or the time of the sale seemed too remote
from that of the acts for which the plaintiff sought to recover,
we see no reason why the evidence should have been excluded.

*Exceptions sustained.*