WILLIAM F. KEYES *vs.* WILLIAM C. BRACKETT & others.

Suffolk.   December 6, 1904. — January 7, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Equity Jurisdiction*, To cancel bond void for fraud.   *Bond*, To dissolve mechanic's lien.   *Master in Chancery.*

This court has jurisdiction in equity to order the cancellation of a bond, fraudulently given to dissolve a mechanic's lien, the approval of which by a master in chancery under R. L. c. 197, § 28, has been procured by fraud and perjury.

BILL IN EQUITY, filed January 8, 1904, by one holding a mechanic's lien on certain real estate on Magnolia Street in that part of Boston called Dorchester, praying that a certain bond alleged to have been given fraudulently for the purpose of dissolving the plaintiff's lien be expunged of record in the registry of deeds and for other relief.

In the Superior Court the defendants demurred, and the bill was amended by leave of court. Thereafter the case was heard by *Sheldon*, J. upon the demurrer as applying to the bill as amended. The judge overruled the demurrer, and the defendants appealed from the interlocutory decree. The judge, being of opinion that the questions raised by the appeal so affected the merits of the controversy that the matter before further proceedings ought to be determined by this court, at the request of all the parties reported the questions for that purpose, and in the meantime stayed all further proceedings except such as were necessary to preserve the rights of the parties. If the demurrer was overruled rightly the defendants were to answer; otherwise, the bill was to be dismissed.

*H. R. Bailey*, for the defendants.

*J. P. Crosby*, for the plaintiff.

KNOWLTON, C. J. This case comes before us on the defendants' demurrer. The bill states that the plaintiff has a claim on which is now due the sum of $4,080 for labor and materials, performed and furnished in the erection of a building on land owned by the defendant McDaniel, that the former owners

of the estate, with whom McDaniel made his contract, were adjudged bankrupts and are financially worthless, and that a petition is now pending in the Superior Court to enforce his lien. According to the averments of the bill, the defendant McDaniel conveyed the property to the defendant Brackett simply for the purpose of having him sign a bond to dissolve the plaintiff's lien as principal, Brackett being of no financial ability, and Brackett now holds the property for the benefit of McDaniel. All the defendants, McDaniel, Brackett, Lo Cascio and Harmon, then fraudulently conspired together to procure the approval by a master in chancery of a worthless bond to dissolve the plaintiff's lien. Brackett, the holder of the legal title to the property, as principal, and Lo Cascio and Harmon as sureties, signed a bond in the sum of $6,000, running to the plaintiff, for the dissolution of the lien. In pursuance of this conspiracy, each of the defendants Lo Cascio and Harmon, at a hearing before a master in chancery upon an application for the approval of the bond, with the knowledge of the defendants Brackett and McDaniel, falsely, wilfully, knowingly and corruptly, testified under oath that he owned certain property specifically described by him, of a value greatly in excess of $6,000, whereas in truth neither of them had or now has any property or money, or is of any financial ability, but each of them is absolutely worthless and wholly unable to perform the condition of the bond. In this way they procured the approval of the bond which was afterwards recorded in the registry of deeds. See R. L. c. 197, § 28.

If these averments are true, a gross fraud was perpetrated upon the plaintiff and the magistrate. It is plain that the plaintiff has no complete and adequate remedy at law, and the question is whether he can have relief in equity.

The chief argument against granting relief is that the fraud was perpetrated in connection with a hearing before a magistrate who was acting judicially, and that it entered into his finding, which is conclusive upon the parties. We appreciate the importance of the rule that a judgment of a court cannot be set aside by another tribunal merely because of false testimony, fraudulently introduced, which was considered and perhaps believed at the trial. Ordinarily a fraud which will warrant a court in setting aside a judgment must be extrinsic to a trial rather than in

the matters presented for consideration as a part of the trial itself. *Greene* v. *Greene*, 2 Gray, 361. *Edson* v. *Edson*, 108 Mass. 590. *United States* v. *Throckmorton*, 98 U. S. 61. *Vance* v. *Burbank*, 101 Mass. 514. *Steel* v. *Smelting Co.* 106 U. S. 447. *Gray* v. *Barton*, 62 Mich. 186, 196. *Folsom* v. *Folsom*, 55 N. H. 78. *Hass* v. *Billings*, 42 Minn. 63, 67. *Pico* v. *Cohn*, 91 Cal. 129. The reason for this rule in trials of cases upon formal pleadings, where usually there is either a right of appeal or an opportunity for other revisory proceedings before the case is finished, does not apply with so much force to a hearing before a magistrate upon an application to approve a bond. Such a hearing is not had upon pleadings in which issues are stated, that give an opportunity for preparation. It is commonly had upon short notice, and usually the testimony cannot be anticipated, nor is there an opportunity to meet it. If a certificate of approval is made, the jurisdiction of the magistrate is ended, there is no opportunity to appeal, and neither the magistrate himself nor any other magistrate or court has any power to review the proceedings and correct errors. The opportunity for fraud is open, and there is no effectual way of meeting and overcoming it. In view of these conditions, we are of opinion that the present case should not be treated exactly like a case of similar fraud committed in an ordinary trial in a court.

The bill states a case of fraud which is something more than an intentional introduction of false testimony in an ordinary trial. In the first place, the owner, McDaniel, exercised his legal right to convey the property to an irresponsible person, with a view of making him the principal on a bond that should be worthless. This was a matter with which the master in chancery had nothing to do, and of which, presumably, he had no knowledge. No harm would have come from it if proper sureties had been furnished, or if they had testified truly. With this plan, which fraudulently represented Brackett to be the true owner, and which deprived the bond of strength that it should have had, he coupled the conspiracy to deceive the plaintiff and the magistrate by the perjury of the sureties. The result is, an instrument which in every part is false and fraudulent, in reference to the objects for which such instruments are supposed to be made. In view of the consequences that naturally come from such a fraud,

and of the fact that there is no way of avoiding these consequences, so long as the instrument is permitted to stand, and of the further fact that no rights of innocent parties have intervened, we are of opinion that the plaintiff should have relief in equity. *Currier* v. *Esty*, 110 Mass. 536. *Billings* v. *Mann*, 156 Mass. 203. *Weeks* v. *Currier*, 172 Mass. 53. *Brooks* v. *Twitchell*, 182 Mass. 443, 444. *McAveney* v. *Brush*, 1 App. Div. (N. Y.) 97. *Hibbard* v. *Eastman*, 47 N. H. 507. *Craft* v. *Thompson*, 51 N. H. 536, 542.

If substantial grounds for granting relief are established there is no doubt of the power of the court to devise an effectual method of giving to the plaintiff his rights. The bond may be ordered cancelled, and the defendants McDaniel and Brackett and those holding under them enjoined from claiming any rights founded on the bond, and they may be ordered to execute a release of all rights acquired under the bond, and a discharge of the benefits which the statute would give them as owners of the real estate by reason of the execution, approval and recording of the bond, which may be recorded in the registry of deeds. Similar relief has been granted in many cases. *Willcox* v. *Foster*, 132 Mass. 320. *Bruce* v. *Bonney*, 12 Gray, 107. *Short* v. *Currier*, 150 Mass. 372. *Crosse* v. *Bedingfield*, 12 Sim. 35. *Hamilton* v. *Cummings*, 1 Johns. Ch. 517.

We are of opinion that the demurrer was rightly overruled, and that the defendants should answer over.

*So ordered.*