EMMA M. YOUNG *vs.* FRANCIS RIGGS.

Middlesex.    February 7, 1933. — April 4, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Conversion. Estoppel. Officer,* Return. *Practice, Civil,* Attachment. *Evidence,* Presumptions and burden of proof.

An action of tort for conversion was not barred by the mere fact that the plaintiff had caused to be made a mesne attachment of the property alleged to have been converted.

The return of the officer who made the attachment in the action above described, so far as it stated that he attached the property in question "as the property of the within named defendant," was not conclusive upon the parties as showing that title to the property was in the defendant, and did not bar the action.

CONTRACT. Writ in the District Court of Lowell dated August 13, 1931.

The action subsequently was amended into one of tort. It was heard in the District Court by *O'Donnell,* J., who found for the plaintiff in the sum of $350 and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed. The defendant appealed.

The case was submitted on briefs.

*W. D. Regan,* for the defendant.

*J. J. Bruin,* for the plaintiff.

LUMMUS, J. The plaintiff obtained a finding in her favor in an action for conversion of an automobile which, the trial judge found, had been given to her by the defendant. On the writ in this case an attachment of the automobile was made, and the defendant contends that the attachment of the automobile as the property of the defendant destroyed the plaintiff's title and cause of action. The law is settled that it had no such effect. *Miller* v. *Hyde,* 161 Mass. 472. The defendant further contends that the return of the deputy sheriff on the writ that he attached the automobile "as the property of the within

named defendant" is conclusive that the title was in the defendant rather than the plaintiff. But the rule making the return of an officer conclusive upon the parties as well as upon himself (*Bay State Wholesale Drug Co.* v. *Whitman,* 280 Mass. 188) has no application to a recital of the ownership of attached property. *Canada* v. *Southwick,* 16 Pick. 556. *Roberts* v. *Wentworth,* 5 Cush. 192. *Rogers* v. *Cromack,* 123 Mass. 582. *Hannum* v. *Tourtellott,* 10 Allen, 494.

*Order dismissing report affirmed.*